UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Collins, | ) C/A: 2:14-4883-RMG-BM |
| Plaintiff, | ) |
| | ) **REPORT AND RECOMMENDATION** |
| vs. | ) |
| Roger Mitchell, Jonathan Holt, | ) |
| Defendants. | ) |

The Plaintiff, James Collins, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate at the MacDougall Correctional Institution of the South Carolina Department of Corrections, alleges that Defendants, who appear to be private individuals and citizens of Missouri, subjected him to "deliberate indifference and/or libel/slander and/or defamation" by distributing copies of his "mug shot" prior to his conviction of a crime. Complaint, ECF No. 1 at 2-4. He requests an apology and monetary damages. Id. at 5. By Order of the court dated March 3, 2015, Plaintiff was given twenty-one (21) days to bring his Complaint into proper form by completing and returning a summons form and by completing, signing, and returning an Application to Proceed Without Prepayment of Fees and Affidavit (Form AO 240) and a completed Financial Certificate (or alternatively by paying the filing fee). Plaintiff was specifically admonished that if he failed to provide the items specified within the period prescribed in the Order, his case may be dismissed for failure to prosecute and failure to comply with an order of this court under Rule 41 of the Federal Rules of Civil Procedure. See Order, ECF No. 6; Fed. R. Civ. P. 41;

In Re: Procedures in Civil Actions Filed by Non-Prisoner Pro Se Litigants, No. 3:07-mc-5015-JFA (D.S.C. Sept. 18, 2007). Plaintiff failed to provide the requested items by the proper form deadline.

Plaintiff has failed to complete his proper form process and no Defendant has been served. It is recommended that this case be dismissed, without prejudice, for the failure of Plaintiff to comply with this court's Order or to properly prosecute his claims. See Fed. R. Civ. P. 41(b); Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978); Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982); Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989), cert. denied sub nom., Ballard v. Volunteers of Am., 493 U.S. 1084 (1990) [Magistrate judge's prior explicit warning that a recommendation of dismissal would result from the plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when the plaintiff did not comply despite warning].

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

April 14, 2015
Charleston, South Carolina

2

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

